THE PEOPLE, ex rel. THE MILLS WATER-WORKS COMPANY, Appellant, *v.* JOHN G. FORREST et al., Assessors, etc., Respondents.

A corporation organized under the act providing for the formation of water-works companies in the towns and villages of the State (Chap. 737, Laws of 1873 ; chap. 415, Laws of 1876, and chap. 171, Laws of 1877), which has contracted with the town or village to furnish it with specified water facilities, for an agreed compensation, is not thereby constituted a governmental agency, and its property is subject to taxation.

*City of Rochester* v. *Rush* (80 N. Y. 302), distinguished.

(Argued June 24, 1884 ; decided October 21, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made at the May term, 1883, which affirmed a judgment of Special Term dismissing a writ of *certiorari*, brought to review the proceedings of the assessors of the town of Mt. Mor-

ris, in entering upon their assessment-roll the real estate and property of the relator.

The relator is a corporation organized under the statutes providing for the incorporation of water-works companies, and is located in the village of Mt. Morris. It had entered into a contract with said village, the substance of which, so far as material, is set forth in the opinion.

*W. A. Sutherland* for appellant. By virtue of the possession, control and absolute use which, under the contract, the village has of the water-works, it has made this system of water-works one of the means or agencies of government during the continuance of the contract, and the operation of this means or agency cannot be taxed or impeded by any civil power. (*City of Rochester* v. *Town of Rush*, 80 N. Y. 303; *Leonard* v. *City of Brooklyn*, 71 id. 498; *Darlington* v. *City of N. Y.*, 31 id. 139; *Louisville* v. *Commonwealth*, 1 Duvall, 295; *Holliday* v. *Frisbee*, 15 Cal. 530; *Davenport* v. *Ins. Co.*, 17 Iowa, 276; *New Orleans* v. *Ins. Co.*, 23 La. Ann. 1.) The question of exemption turns not upon the ownership of any property, but upon the right to its use by the government in the discharge of a legitimate governmental function, whether this right to so use it is acquired by ownership or contract. (Cooley on Tax. 57–74; 2 Dill., § 615 *a; Collector* v. *Day*, 11 Wall. 127; *McCulloch* v. *State*, 4 Wheat. 316, 318; *Osborne* v. *U. S. Bk.*, 9 id. 738; *People* v. *Com'rs*, 23 N. Y. 192–204; *City of Rochester* v. *Rush*, 80 id. 308; *Leonard* v. *Reynolds*, 7 Hun, 73; *W. U. Tel. Co.* v. *State*, 15 Otto, 460, 466; *Sec'd Nat. Bk.* v. *Caldwell*, 13 Fed. Rep. 429; 27 Alb. L. J. 99.) The operation of the company is wholly public, and the service to the village is the only business which it is capable of performing. (*Darlington* v. *City*, 31 N. Y. 204; 80 id. 308, 309.)

*J. A. Van Derlip* for respondents. All lands and all personal estate, whether owned by individuals or corporations, are liable to taxation, subject to certain specified exemptions. (1

R. S. 387, § 1; *People, ex rel. M. F. Ins. Co.,* v. *Com'rs,* 76 N. Y. 73.) The fact that the water-works company is used by the village as an agency in the performance of a municipal duty establishes no such immunity from taxation as the relator demands. (*McCulloch* v. *State,* 4 Wheat. 436; *W. U. Tel. Co.* v. *Texas,* 27 Alb. L. J. 229.)

DANFORTH, J.   The property in question is so clearly within the statute which subjects all lands and personal estate, whether owned by individuals or corporations, to taxation (1 R. S. 387, § 1, as amended by Laws of 1881, chap. 293), that we think it unnecessary to follow in detail the elaborate argument of the appellant.   It does not profess to bring the case within any of the exemptions specified in the statute (*supra,* § 1), and it fails to show any foundation for the claim that the system of water-works in which the property was employed, was in any sense a means or agency of village government.   On the contrary, it is apparent that the relator was organized for private gain ; that to increase this, it entered into a contract relation with the village, and thereby undertook for the substantial ·pecuniary consideration of $1,035 paid annually, and an exemption, while the contract lasted, from the payment of village taxes, to furnish it with certain limited and specified water facilities for the space of thirty years, and if during that time it failed to do so by reason of the faulty construction of the works, or damage to them by the elements, to accept a compensation reduced in a manner.provided for in the contract.

Here are express stipulated advantages to each party, and nothing can be implied in favor of either.   The relator agrees to furnish two watering troughs and drinking fountains with the necessary supply of water, and give to the village of Mt. Morris " the full use " of certain " hydrants and water flowing therefrom for the purpose of extinguishing fires and for the drilling or exhibition and parade of the fire department." These are the facilities above referred to.   Upon such facts it cannot be fairly said that the means by which the company are enabled to furnish the facilities are devoted to public use.   On

the contrary, they are devoted simply to the earning of money for the relator, and when payment ceases, the obligation to furnish the facilities is put an end to. The public have no claim except as it is secured by this payment. In that respect they take their place with other customers, and must respond according to the agreement.

An agency whose very existence depends upon the fulfillment of a contract, or the will of a third party, cannot be treated as a governmental agency. It has no inherent powers, and its exercise depends upon conditions over which the municipality has no control. The property may be taken for debt, insolvency cause its distribution among creditors, or by the mere action of its stockholders its capital may be reduced. (Laws of 1877, chap. 171.)

We are unable to regard such a body as in any sense an agent or instrument of the village corporation. It is, therefore, unnecessary to review the numerous cases collated and discussed by the learned counsel for the appellant. They relate to transactions of a public nature and to instrumentalities of government. None of them warrants the conclusion to which we are asked to come. The State authorizes the formation of water-works companies in its towns and villages (Laws of 1877, chap. 171), but it does not require one so organized to supply water to the town or village, nor does it require the town or village to take its supply of water from the company so formed. In the case of Mt. Morris, its board of trustees is given power and authority to contract with any water company for water and collect the amount agreed to be paid in such contract, as other village taxes are assessed and collected (Laws of 1879, chap. 365), and it may be conceded that the legislature might have exempted from taxation the property through which the contract was to be carried out. But it was not done. Exemption from village taxes was secured by contract, but that in no way affects the town, and we discover no reason why its officers should not place the property in question upon its assessment-rolls for assessment and taxation.

Within the rule contended for by the appellant, a corpora-

tion organized for the construction of stone-crushing machines, to prepare material for streets, street sweepers, or fire engines, or the like, might successfully argue that its real estate should be exempt from taxation because it had contracted to supply those implements to some municipality, to be used by it in performance of duties imposed by law. In those cases it might in some general sense be said that the corporation owning the property was in the service of the town or city with which it contracted. The case before us presents that feature, but it cannot be said, upon principle or authority, that it is, therefore, exempt from taxation.

In the *City of Rochester* v. *Rush* (80 N. Y. 302) the property involved belonged to the city — had been purchased under the compulsion of a legislative act for a public purpose only, and was so retained by it. It was, therefore, thought to be exempt from taxation. The doctrine of that case has no application here. The village of Mt. Morris has no interest in, or concern with, the property sought to be taxed. It has simply the obligation of its owners, the water-works company, and it, and not the municipality, is the tax payer. Whether the tax is imposed or not, the obligation will remain. The learned counsel for the appellant seems to suppose the obligation could not be enforced, nor if broken, damages assessed, but those questions are not here. Nor, if well founded, would such contention aid the appellant. It might suggest that the affairs of the village had not been well looked after, but would afford no reason why the property of the relator should be exempt from its contribution in common with other property within the limits of the town to a just share of the public burden.

The decisions of the Special and General Terms are well made, and it follows that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.