In the Matter of Supplementary Proceedings for the Collection of a Tax against BEAUTY SPRING WATER COMPANY, Appellant.

FRANK H. TALCOTT, as President of the Village of Lyons Falls, Respondent.

Tax — order for examination of corporation upon its failure to pay taxes cannot be vacated upon affidavits — remedy is by action in equity.

An order made under section 259 of the Tax Law for the examination of an incorporated water company upon its failure to pay village taxes levied upon its property within the corporate limits cannot be vacated by an order made upon affidavits where the assessment is not claimed to be illegal in the technical or statutory sense, because made irregularly or without regard to the forms and procedure prescribed by law, and where the claim for relief rests upon the injustice of including therein an assessment against the water company for the maintenance of a municipal water system. The determination of the question involved depends upon questions both of law and fact, which should be determined in an equitable action, wherein the equities of the parties will be determined more completely.

*Matter of Beauty Spring Water Co.*, 134 App. Div. 17, affirmed.

(Argued April 27, 1910; decided May 10, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1909, which reversed an order of the Lewis County Court vacating an order for the examination of the officers of the Beauty Spring Water Company in a proceeding under section 259 of the Tax Law to enforce the collection of a tax.

The following questions were certified:

" 1. Was the item of seventeen and sixty-six one-hundredths dollars for the expense of maintenance and for principal and interest on bonds, on account of the municipal water system a lawful tax against the property of the Beauty Spring Water Company ?

" 2. Can the question of the validity of such tax be determined in this proceeding ? "

*C. S. Mereness* for appellant. There is no reason why complete relief cannot be had upon the motion to set aside the order for the examination of the officers of the appellant. (*Bassett* v. *Wheeler*, 84 N. Y. 466.)

*Harry W. Cox* for respondent. The complications of fact and law raised herein should be determined in an action to review the levying of the tax in question. (*Matter of White*, 122 App. Div. 93 ; *W. W. W. Co.* v. *Warsaw*, 4 App. Div. 509.)

GRAY, J. This is a motion to vacate an order, which was made under section 259 of the Tax Law for the examination of the defendant, an incorporated water company, upon its failure to pay its portion of the general tax levied by the municipality of Lyons Falls, in this state, upon the taxable property within its corporate limits. The motion was granted by the county judge ; but, upon appeal to the Appellate Division, in the fourth department, the order was reversed and the motion to vacate the order for examination of the defendant denied.

The order appealed from should be affirmed, upon the ground that the case is one in which the petitioner should appeal to the court by an action on its equity side, to redress what grievance it may have in the imposition of the tax. The dispute of fact is such as to make it improper to determine on affidavits the question whether the appellant is entitled to any relief against the municipality. The question of its liability to bear its portion of the burden of the municipal tax, even though that tax included an assessment for the maintenance of the municipal water system, depends upon questions of fact, as well as of law. Doubts are raised as to the adequacy and efficiency of its plant to supply the village with water, as well as to other facts affecting the equities.

That a remedy by writ of certiorari exists is doubtful, under the circumstances, as the assessment is not attacked upon any of the grounds for which the issuance of such a writ is authorized. (*Mercantile Nat. Bank* v. *Mayor, etc., of N. Y.*

172 N. Y. 35, 42.)  It does not appear that the assessment is claimed to be illegal, in the technical, or statutory, sense, in that the taxing officers are shown to have proceeded irregularly, or without regard to the forms and procedure prescribed by law. The basis for the claim that the tax was unlawful as to the appellant·is not that it was not subject to assessment for taxation on its property ; but that, as the general tax included an item of " water fund," meaning thereby the municipal water system, so much of the tax should not be enforced against it and the amount of the tax imposed should be proportionately reduced.   It is evident that the claim is rested on the injustice of taxing the water company for the maintenance of the municipal water system and, therefore, that it is one determinable upon equitable considerations.

Examination of the affidavits used upon this proceeding compels the conclusion that the questions in this case, both of law and of fact, are attended with such complications that they should be tried out in an equitable action, wherein the equities of the parties will be determined more completely.

The first question certified not answered.  The second question answered in the negative.

CULLEN, Ch. J., HAIGHT, VANN. WERNER and HISCOCK, JJ., concur.

Order affirmed, with costs.