## BEAUTY SPRING WATER CO. OF LYONS FALLS v. VILLAGE OF LYONS FALLS.

(Supreme Court, Appellate Division, Fourth Department. March 13, 1912.)

TAXATION (§ 608*)—PROPERTY SUBJECT—WATERWORKS COMPANY.

    Where plaintiff, a domestic waterworks corporation, furnished water to a village under a franchise, and thereafter the water supply became inadequate, whereupon the village obtained the right to construct and operate a municipal waterworks system, which was adequate for domestic purposes and fire protection, and resulted in a reduction of insurance premiums, complainant was not thereafter entitled to restrain the village from enforcing taxes against complainant's property, levied for the purpose of installing and maintaining such municipal waterworks.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

    McLennan, P. J., dissenting.

Appeal from Trial Term, Lewis County.

Action by the Beauty Spring Water Company of Lyons Falls against the Village of Lyons Falls, to restrain defendant from enforcing certain taxes against complainant's property. From a judgment (71 Misc. Rep. 577, 130 N. Y. Supp. 845) dismissing the complaint on the merits, with costs, at the close of all the evidence, on a decision of the court rendered at an Equity Term of the Supreme Court, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

C. S. Mereness, for appellant.
Harry W. Cox, for respondent.

KRUSE, J. The plaintiff, a domestic water corporation, challenges the validity of a tax imposed against it by the defendant village for village waterworks purposes, contending that the village system was installed, and is now operated, in competition with that of its own. The question has been here before on an appeal from an order which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vacated an order to examine the plaintiff tax debtor. The vacating order was reversed by this court. Matter of Beauty Spring Water Company, 134 App. Div. 17, 118 N. Y. Supp. 659. And upon appeal to the Court of Appeals that order was affirmed, upon the ground that questions, both of law and fact, were presented which should be tried out in an action in equity. Matter of Beauty Spring Water Company, 198 N. Y. 413, 91 N. E. 1101. Thereupon this action was brought, and after trial the complaint dismissed upon the merits, and from the judgment entered upon that decision this appeal was taken.

The plaintiff has been defeated upon the facts. As the case now stands, I think plaintiff is not entitled to equitable relief. The claim that the defendant has no right to tax the plaintiff for installing and maintaining a municipal waterworks system in competition with its own might be well founded, if the plaintiff had furnished an adequate supply of water to meet the requirements of the village; or, perhaps, it might be entitled to some relief if the supply was sufficient for that part of the village in the town of West Turin, from whose officers it obtained its franchise before the defendant village was organized, and which includes most of the inhabited part of the village. But the finding of the trial judge is that the plaintiff's waterworks system, before the installation of the village system, was at times inadequate for domestic purposes and furnished no fire protection at all; that the defendant's waterworks system, which was installed in the year 1906, is adequate for domestic purposes for the village and for fire protection; and that since the installation of the village system the fire insurance premiums have materially decreased. I think, in view of this finding, which is supported by evidence, the plaintiff is not entitled to equitable relief, irrespective of any other question.

The judgment should, therefore, be affirmed, with costs.

Judgment affirmed, with costs.

McLENNAN, P. J. (dissenting). The Beauty Spring Water Company was duly incorporated under the laws of the state of New York as a private water corporation. Its charter was duly filed June 23, 1896, and the purpose of the company, as set forth in its charter, is "to supply water to the inhabitants of the Town of West Turin, Lewis county, New York." The proper consent of the town board of West Turin had previously been obtained. The company was incorporated as provided in chapter 566, Laws of 1890, and by section 82 of such chapter water companies organized pursuant to that act were authorized "to lay their pipes in any streets, or avenues or public places of an adjoining city, town or village, to the city, town or village where such permit has been obtained." In 1899 the village of Lyons Falls was duly incorporated as a village of the fourth class, and was largely made up of territory in the town of West Turin, but also included within its corporate limits a portion of the adjoining town of Lyonsdale. The village comprises a strip of land about 1½ miles in length and one-half mile in width. It had 775 inhabitants in 1910. In 1905 the village of Lyons Falls made application to the

state water supply commission for authority to install a municipal water system of its own, and the application was granted. The village installed the system, which is conceded to be ample to furnish water for fire protection and domestic use within the village.

No question is raised as to the purity or quality of the water furnished by the plaintiff. The court has found, however, that before the installation of the defendant's system the plaintiff's system was at times inadequate for domestic purposes; but I think the evidence, as well as the specific findings of the court as to the instances in which the water failed at certain points, show that the plaintiff has practically at all times furnished an ample supply of water for domestic use, and that only in a few isolated instances, extending over a period of many years, has the supply been insufficient or the pressure too low to furnish all the water needed for domestic purposes. The court has also found that the plaintiff's system is inadequate to furnish fire protection to the village; but I think this is immaterial, as the furnishing of fire protection is purely a municipal and governmental function, and one which the village has the right to undertake for itself, and was not one of the purposes contemplated by or required of the plaintiff. As was said by the Court of Appeals in People ex rel. Mills Waterworks Co. v. Forrest et al., 97 N. Y. 97, 100:

"The state authorizes the formation of waterworks companies in its towns and villages, but it does not require one so organized to supply water to the town or village, nor does it require the town or village to take its supply of water from the company so formed."

It seems to me that the failure or refusal of the plaintiff to furnish fire protection to the defendant is not the test of whether it has fulfilled the purposes for which it was incorporated, in the absence of any express provision in its franchise or contract to that effect. Indeed, it is conceded in this case that whatever fire protection the plaintiff assumed to furnish to the defendant was furnished gratuitously, and not in pursuance of any contract. As before stated; I think the evidence shows no substantial default in at all times furnishing a pure and sufficient supply of water to all plaintiff's customers. No general failure of the whole system, even temporarily, was shown, and the most of the trouble shown was with the supply furnished to the New York Central Railroad for use in its engines. It does not seem to me important that the plaintiff was at times unable to furnish all the water needed by a railroad for running its engines.

For the purpose of installing and maintaining the defendant's municipal system certain taxes have been levied upon all the taxable property within the village of Lyons Falls, including the plaintiff's water system and property, which, as far as it is concerned, the plaintiff insists it is not legally obliged to pay, and equitably should not be called upon to pay. The installation of defendant's municipal system has concededly greatly impaired the earning capacity of the plaintiff. I think that, under the decisions of the Court of Appeals in Skaneateles Waterworks Co. v. Village of Skaneateles, 161 N. Y. 154, 55 N. E. 562, 46 L. R. A. 687, and Warsaw Waterworks Co. v. Vil-

lage of Warsaw, 161 N. Y. 176, 55 N. E. 486, the defendant has no authority to so tax the plaintiff. Under those decisions I think it is clear that the defendant had the right to install a municipal water system of its own, and to thereby enter into competition with the plaintiff in furnishing water to the inhabitants of the village; and if the result of such competition is disastrous to the plaintiff, it cannot complain, for it has no exclusive franchise or contract to furnish water to the inhabitants of the defendant village.

But I do not agree that the defendant can levy taxes upon plaintiff's corporate property for the purpose of installing, making additions to, and maintaining a waterworks system in competition with the plaintiff. I think that legally it has no right to do so, under the decisions cited above, and that such course is not equitably justifiable under the evidence in this case. I think that the acts of the defendant in taxing the plaintiff for the payment of the obligations incurred in the construction of defendant's system are in contravention of the provisions of section 10, art. 1, of the federal Constitution, and void.

As to the equitable considerations involved, it appears that, when the consent of the state water supply commission was being sought, it was practically understood by that commission and by all parties concerned that the defendant would proceed to acquire by purchase or proper condemnation proceedings the plaintiff's system. Thereafter a proposition was submitted to the taxpayers of the village to purchase plaintiff's system for $9,000, but was voted down at the election. No further steps toward that end have been taken. On the contrary, the defendant has proceeded to levy taxes on all taxable property within the village for the purpose of paying for the municipal system, thereby compelling plaintiff's customers to contribute to the support of a system which they do not use, and practically coercing them into using the water furnished by the village; for it is difficult to see how any taxpayer of the village would long continue to contribute to the support of two water systems, when he only used the water furnished by one of them. So that I do not see how it can be said that either legally or equitably the defendant is entitled to tax the property of the plaintiff for the purpose of installing and maintaining its municipal waterworks system.

I therefore vote for reversing the judgment appealed from and granting a new trial, with costs to the appellant to abide the event.